IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JON EVERHART | * |
|     Plaintiff | * |
| v. | *    Civil No.: PJM 11-1196 |
| BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY | * |
|     Defendant | * |

### MEMORANDUM OPINION

Jon Everhart brought an employment discrimination suit against the Board of Education of Prince George's County (the "Board") under Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d *et seq.* He alleged retaliation and hostile work environment based on protected activity pertaining to race.

Following a jury trial on the merits of Everhart's case, the jury found for Everhart on his retaliation claim, and awarded $350,000 in compensatory damages. The jury did not find for Everhart on his hostile work environment claim.

Despite winning the jury trial on his retaliation claim, Everhart has now filed a Motion for Partial New Trial Under Fed. R. Civ. P. 59(a) (Paper No. 161), claiming that it was error for the Court to refuse to give a "mixed motive" jury instruction on the hostile work environment claim. The Board opposes the Motion.

The Court **DENIES** the Motion.

A.

During the Court's Charge Conference in which jury instructions were discussed, Everhart's counsel indicated that he wanted a "mixed motive instruction" for his retaliation and

hostile work environment claims. The Court denied Everhart's request, stating that a mixed motive instruction was not appropriate with respect to either of these theories of recovery. On the record after the Court charged the jury, counsel for Everhart renewed his objection to the Court's decision not to give a mixed motive instruction to the jury for the hostile work environment claim. The Court overruled the objection.

The instruction that Everhart says should have been given is:

MIXED MOTIVE:

You have heard evidence that the defendant's decision to terminate Mr. Everhart was motivated by Mr. Everhart's race and also by other lawful reasons. If you find that Mr. Everhart's race was a motivating factor in the defendant's decision to take his action, Mr. Everhart is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.

However, if you find that the defendant's decision was motivated by both discriminatory and lawful reasons, you must decide whether Mr. Everhart is entitled to damages. Mr. Everhart is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the discriminatory reason had played no role in the employment decision.

Modern Federal Jury Instructions, Volume 5 (Civil), Instruction 88-43, Mixed Motive.

B.

Federal Rule of Civil Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all of some of the issues . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court." A new trial is granted pursuant to Rule 59(a) if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting *Atlas Food Systems & Services, Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)).  The decision to grant or deny a Rule

59(a) motion for a new trial rests "in the sound discretion of the trial judge." *Wadsworth v. Clindon*, 846 F.2d 265, 266 (4th Cir. 1988). Moreover, a trial court has broad discretion in framing its jury instructions and will not be reversed "provided that the instructions, taken as a whole, adequately state the controlling law." *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994).

C.

Everhart argues that the court erred when it denied his request for a "mixed motive" jury instruction with regard to his hostile work environment claim, citing *Rowland v. American General Finance, Inc.*, 340 F. 3d 187, 194 (4th Cir. 2003), which involved a failure to promote claim. Everhart contends that he provided both "'direct' and 'circumstantial' evidence that his race was a motivating factor for Principal Simpson-Marcus' racial harassment and for his termination in June 2010," and thus a "mixed motive" jury instruction was appropriate.

The Board argues that a mixed motive instruction is not appropriate for a hostile work environment claim. The Court agrees.

D.

A hostile work environment claim is not subject to a mixed motive instruction, because there is never a legitimate reason to create a hostile work environment. To prove a hostile work environment, a plaintiff must show that the unwelcome conduct was "because of" the protected category. *Ocheltree v. Scollon Productions, Inc.*, 335 F.3d 325, 338 (4th Cir. 2003). A "mixed-motive analysis is inapplicable to a hostile-work-environment claim." *Stacks v. Sw. Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1326 (8th Cir. 1994). Mixed motive instructions are designed for situations in which an adverse employment action is challenged and both legitimate and illegitimate considerations played a part in that decision. *Id.* "An employer could never have a legitimate reason for creating a hostile work environment." *Id.*

As the Board correctly points out, Everhart appears to be asking that his hostile work environment claim be treated as a wrongful discharge claim. The Board is again correct that such a claim was not included in his Second Amended Complaint, nor was the case ever tried under such a theory.

Because a mixed motive instruction is not properly given in a hostile work environment claim, it was not error for the Court to deny Everhart's request. His misplaced Rule 59(a) Motion is therefore **DENIED**.

A separate Order will **ISSUE.**

                                                    /s/
                              **PETER J. MESSITTE**
                       **UNITED STATES DISTRICT JUDGE**

**August 26, 2014**