FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2016 MAR 15 ᑭ 2: 18

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | | |
|---|---|---|
| **JON EVERHART,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 11-1196** |
| | * | |
| **BOARD OF EDUCATION OF PRINCE** | * | |
| **GEORGE'S COUNTY,** *et al.* | * | |
| | * | |
| Defendants | * | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

At the conclusion of the bench trial in this employment discrimination and retaliation case, which addressed the issues of Plaintiff Jon Everhart's entitlement to back pay, pension benefits, health benefits, and other relief, the Court submitted a draft back pay calculation and two draft Orders to counsel for comment.[1] The two draft Orders addressed reinstatement of Plaintiff Everhart's pension and health benefits and the expungement of certain negative employment records of Defendant BOE and related entities as to Plaintiff Everhart. The Court directed the parties to respond to the draft back pay calculation and the two proposed draft Orders by Monday, March 7, 2016. Plaintiff Everhart submitted no response by the Court-imposed deadline,[2] but the Defendant Prince George's County Board of Education (BOE) did.

---

[1] The Court read and explained the basic contents of the draft back pay calculation and the two proposed Orders on the record at the conclusion of the bench trial. For purposes of clarity, the draft back pay calculation and proposed Orders originally distributed to the parties are attached as exhibits to this Supplemental Memorandum Opinion and Order (Exhibits 1, 3, and 4, respectively). The Court also attaches a revised back pay calculation (Exhibit 2) based on its rulings following Comments submitted by Defendant BOE.

[2] On Tuesday, March 15, 2016 – eight (8) days after the Court's deadline for submitting comments on the draft back pay calculation and proposed Orders, and just as the Court was preparing to issue its decision in the matter – Plaintiff Everhart's counsel submitted comments with respect to the Court's draft back pay

1

ECF No. 228. The Court agrees with some, but not all, of Defendant BOE's comments. The Court explains.

## I.      Back Pay Calculation

With regard to the Court's draft back pay calculation (attached as Exhibit 1 to this Supplemental Memorandum Opinion and Order), the Court agrees with Defendant BOE that it is appropriate to deduct the entire pension benefits Plaintiff Everhart has received from the State of Maryland, since he would not have received any pension payments at all had he been employed by Defendant BOE continuously from August 2010 through the 2015 to 2016 school year. *See Fariss v. Lynchburg*, 769 F.2d 958, 966-67 (4th Cir. 1985). That said, however, Defendant BOE must take steps to assure that Plaintiff Everhart will receive credit toward his pension for the total period of time he would have worked in the State of Maryland had he been working continuously over the period in question. In other words, upon reinstatement into the Maryland State Retirement and Pension System, Plaintiff Everhart's level of pension benefits must take into account the years he served in the Baltimore City Public Schools and the years he would have served in the Prince George's County Public Schools (i.e., from the start of his employment with Defendant BOE in 2003 through the 2015 to 2016 school year).

As a result, the Court agrees with Defendant BOE that it would be appropriate to deduct from the back pay calculation the amount in contributions Plaintiff Everhart would have been required to make into the Maryland State Retirement and Pension System during the period of unemployment in question. Again, however, the Court is permitting this deduction only so long

calculation and proposed orders, which he styled as a Response in Opposition to Defendant BOE's Comments to Proposed Orders. ECF No. 229. The Court has reviewed Plaintiff Everhart's comments and rejects all which differ in any way from its rulings herein. The Court advises Plaintiff Everhart's counsel that this Supplemental Memorandum Opinion and Order sets a firm deadline for petitioning the Court for further attorney's fees which will not be extended except by further order of the Court. *See* Part IV. Attorney's Fees, *infra*. Plaintiff's counsel should take careful note of this deadline.

as Defendant BOE can take steps to assure that Plaintiff Everhart will be paid pension benefits, effective at the conclusion of the 2015 to 2016 school year, at the same level he would have received had he not been terminated. Defendant BOE shall be responsible for any contributions it should have made had Plaintiff Everhart not been terminated.

With regard to prejudgment interest, the Court rejects the request of Defendant BOE that the annual rate should be at 2%. Defendant BOE cites the low rate of inflation during the period of Plaintiff Everhart's unemployment. But strictly speaking the rate of inflation is not the same as the rate of interest, even if the two are related. Moreover, interest paid at less than 6% could very well have been invested at a rate higher than that. Six percent is the legal rate of prejudgment interest in the State of Maryland. Md. Const. art. III, § 57. This rate was affirmed by the Fourth Circuit as an appropriate measure for back pay prejudgment interest in a lawsuit involving Title VII claims for retaliation and gender discrimination. *Hylind v. Xerox Corp.*, 481 F. App'x 819 (4th Cir. 2012). The Court therefore finds, in its discretion, that prejudgment interest at a rate of 6% compounded annually is appropriate in the present case.

In light of the foregoing rulings, the Court attaches a revised back pay calculation as Exhibit 2 hereto. Based on that revised calculation, the Court will be entering final judgment in favor of Plaintiff Everhart and against Defendant BOE in the amount of the jury's award of $350,000.00 in compensatory damages, plus the Court's award of back pay in the amount of $198,170.00, *see* Exhibit 2, a total of $548,170.00.

## II.    Proposed Order on Pension and Health Benefits

With regard to the Court's proposed separate Order addressing reinstatement of Plaintiff Everhart's health benefits (attached as Exhibit 3 to the Supplemental Memorandum Opinion and Order), the Court agrees with Defendant BOE that the preferable solution is either (1) for

Defendant BOE to actually provide Plaintiff Everhart retiree health benefits at the level that would have been available to him had he been in continuous employment for the 2010-2011 school year through the 2015-2016 school year, or (2) for Plaintiff Everhart to arrange for the purchase of comparable health insurance in the open market and then charge Defendant BOE for the cost of same. The Court therefore agrees to remove the clause in the proposed Order which would have allowed Plaintiff Everhart to pursue individual medical procedures and sue Defendant BOE for the cost of any procedure that, in whole or in part, would have been covered by health benefits Plaintiff Everhart would have received had he not been terminated. A final Order reflecting this modification will be entered by the Court.

## III.    Proposed Order on Expungement of Certain Records

With regard to the Court's proposed Order regarding the expungement of certain negative employment records for Plaintiff Everhart (attached as Exhibit 4 to this Supplemental Memorandum Opinion and Order), the Court agrees with Defendant BOE that there should be a carve-out for the Prince George's County General Counsel's office; provided, however, that a copy of the Court's Order directing removal of the negative information by Defendant BOE and related entities shall be placed in the General Counsel's file on this case. The Court also agrees with Defendant BOE to stay implementation of the expungement order pending the outcome of an appeal. A final Order reflecting these modifications will be entered by the Court.

The Court disagrees with Defendant BOE that its counsel should not be obligated at least (1) to make a good faith effort to communicate this Court's expungement Order to all appropriate agencies that maintain information relative to Plaintiff Everhart's tenure with Defendant BOE, and (2) to report to the Court in writing that counsel has fulfilled this obligation in timely fashion. This provision is not intended to make counsel an auditor or guarantor of the

4

removal of the negative information; it simply requires counsel to make a good faith effort to communicate to all relevant agencies that they must comply with the Court's directive.

### IV.   Attorney's Fees

While a single final order of judgment in favor of Plaintiff Everhart and against Defendant BOE will be entered for compensatory damages, for back pay, and for the separate equitable relief granted Plaintiff Everhart by separate Orders, there remains the matter of Plaintiff Everhart's attorney's fees.[3]

**Plaintiff Everhart's counsel is directed to file a motion for any further attorney's fees no later than thirty (30) days from the date of this Supplemental Memorandum Opinion and Order.** Accordingly, the Court will reserve final judgment on the issue of Mr. Chapman's total award of attorney's fees until appropriate pleadings are filed by Mr. Chapman.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 15, 2016

---

[3] On August 14, 2015, the Court entered an Interim Order of Attorney's Fees in favor of Plaintiff's counsel Bryan Chapman, Esquire, in the amount of $600,000.00 for all work performed in this case from its inception through the date of the Order. ECF No. 212. Mr. Chapman is also entitled to attorney's fees for work performed after the August 14, 2015 Order up to the entry of a final order of judgment, except for any time spent in settlement discussions. The fact that a petition for attorney's fees will be filed does not prevent the Court from entering a final order of judgment as to the underlying claims in the meantime. *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 777 (2014). ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").