FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT**DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**

2016 JUN 17 P 3: 31

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| **JON EVERHART**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 11-1196** |
| | * | |
| **BOARD OF EDUCATION OF PRINCE** | * | |
| **GEORGE'S COUNTY**, *et al.*, | * | |
| | * | |
| Defendants | * | |

### MEMORANDUM OPINION

Jon Everhart ("Everhart") sued the Board of Education of Prince George's County ("BOE") for employment discrimination alleging, among other claims: (1) hostile work environment based on race, and (2) retaliation. After two lengthy trials, one addressing whether Title VI of the Civil Rights Act of 1964, as amended, applied to Everhart's claims, and the second addressing whether BOE was liable under Title VI for creating a hostile work environment and for retaliation, Everhart ultimately prevailed on his retaliation claim in both trials, a jury in the second awarding him $350,000.00 in compensatory damages. Jury Verdict, ECF No. 158. After these trials, Everhart, through his attorney, Bryan Chapman, Esquire, petitioned the Court for an interim award of attorney's fees. On August 14, 2015, the Court awarded Chapman $600,000.00 in attorney's fees for work performed on the case from its inception through the date of the Order. Interim Order Att'y Fees, ECF No. 212.

Since the Court's Interim Order of Attorney's Fees, the parties have continued to litigate, in this phase over the question of whether Everhart should be awarded back pay, health and pension benefits, and other equitable relief as a result of his unlawful termination by BOE. The

Court held a two-and-a-half day bench trial relative to these issues and ultimately awarded Everhart $198,170.00 in back pay, ordered that his pension and health benefits be reinstated, and directed BOE to expunge certain negative information from its records pertaining to Everhart. Final Order J., ECF No. 234. Everhart thereafter moved for attorney's fees in connection with work performed in preparation for and during the bench trial, seeking $80,775.00 at a rate of $300.00 per hour. Pl.'s Mot. Att'y Fees, ECF No. 239. For the reasons that follow, Everhart's Motion for an Award of Attorney's Fees and Costs (ECF No. 239) is **GRANTED IN PART**, and the Court will award attorney Chapman an additional $53,850.00 in attorney's fees.

## I.

Forty-two U.S.C. § 1988 permits a court, in its discretion, to grant an award of reasonable attorney's fees to the prevailing party in a Title VI action. In exercising its discretion, a court must calculate the "lodestar" figure, which is the number of hours reasonably expended on the litigation, multiplied by an hourly rate that is also reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (holding that the lodestar amount is "the product of reasonable hours times a reasonable rate").

In deciding what constitutes a "reasonable" number of hours expended and "reasonable" hourly rate, the court is guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron, et al.*, 489 U.S. 87 (1989), and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Those include: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount

2

involved and the results obtained; (9) experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) nature and length of professional relationship with the client; and (12) awards in similar cases. The "court enjoys wide discretion" in making its lodestar determination. *See Thompson v. U.S. Dep't of Hous. & Urban Dev.,* No. CIV.A. MGJ-95-309, 2002 WL 31777631, at *13 (D. Md. Nov. 21, 2002) (citing *Daly v. Hill,* 790 F.2d 1071, 1078 (4th Cir. 1986)).

## II.

The parties do not dispute that Everhart was the prevailing party at the conclusion of the bench trial with respect to Everhart's entitlement to back pay and other equitable relief. Rather, the parties dispute how much, if anything, Chapman should be awarded for the hours he claims to have expended preparing for and trying these final issues. Chapman has submitted an affidavit and time records in which he claims to have spent a total of 269.25 hours at a rate of $300.00 per hour, resulting in a total request of $80,775.00 in attorney's fees. *See* Pl.'s Mot. Att'y Fees, Chapman Aff., ECF No. 239-2, and Exhibit Supplement (hereinafter "Chapman Billing Sheet"), ECF No. 239-4. BOE, once again, surprisingly, argues that the Court should deny any recovery at all.[1] *See* Def.'s Opp'n to Mot. Att'y Fees ("Def.'s Opp'n") 1-2, ECF No. 240. In the alternative, BOE asserts that the Court should reduce Chapman's award to $20,194.50. *Id.*

---

[1] In virtually every stage of this litigation, BOE has vigorously opposed awarding fees to Everhart. After the jury verdict finding in favor of Everhart on the retaliation claim, BOE filed a Motion for Judgment Notwithstanding the Verdict. ECF No. 169. The Court summarily denied the Motion. ECF No. 179. In response to Everhart's interim Motion for Attorney's Fees, in which Chapman requested an award of approximately $980,000, ECF No. 203, BOE argued that his award should be reduced dramatically by at least two-thirds. ECF No. 204. The Court nevertheless found that $600,000.00 was a reasonable interim award of attorney's fees to Chapman. Interim Order Att'y Fees. With respect to Everhart's attempt to seek back pay and other relief, BOE maintained that Everhart was not entitled to *any* back pay, and sharply disputed whether other relief was appropriate. The Court rejected these contentions, and awarded Everhart back pay and ordered a reinstatement of his health and pension benefits in addition to other equitable relief. *See* Final Order J. BOE's arguments in response to Everhart's instant Motion for Attorney's Fees seem yet again to demonstrate a "scorched earth" strategy of litigating this case. In

**A.**

Reasonable Rate

The Court first addresses whether Chapman's billing rate of $300.00 per hour is reasonable. BOE argues that this rate should be reduced by half to $150.00 per hour, or, at the most, to $225.00 per hour. Def.'s Opp'n 4-6. The Court disagrees with BOE.

An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009) (internal citations and quotations omitted).

In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *Duprey*, 30 F. Supp. 3d at 412 (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). These rates are set forth in Appendix B, Item 3, as follows:

    a. Lawyers admitted to the bar for less than five (5) years: $150-225.
    b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
    c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
    d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
    e. Lawyers admitted to the bar for twenty (20) years or more: $300-475.
    f. Paralegals and law clerks: $95-150.

On affidavit, Chapman states that he was admitted to the District of Columbia Bar in 1993 – twenty-three years ago. Chapman Aff. ¶ 1. (He is also a member of the bars for three other courts, including the bar for the United States District Court for the District of Maryland. *Id.*) Since his admission to the District of Columbia Bar in 1993, the focus of his law practice has

---

particular, the argument that Chapman should take nothing for his efforts seriously tends to undercut the credibility of much of the rest of BOE's Opposition.

been employment discrimination. *Id.* ¶ 2. Under Appendix B to the Local Rules, $300.00 per hour is a presumptively reasonable rate for Everhart's time, given his twenty-three years of experience after admission to the bar. *See also Johnson*, 488 F.2d at 718-19 (identifying the "experience, reputation, and ability of the attorney[]" as one of the factors a court may consider when evaluating a request for attorney's fees).

The Court also considers $300.00 per hour reasonable in light of the unique challenges of the bench trial on back pay and the results obtained. At the bench trial, Chapman was required to rebut a vigorous argument by BOE that Everhart had failed to sufficiently mitigate his damages (despite having actually obtained reemployment after his termination). Chapman was also obliged to rebut BOE's equally vigorous assertion that Everhart was not entitled to reinstatement of his First Class teaching certificate, among other things. Despite BOE's defenses, Everhart was ultimately awarded back pay and substantial equitable relief. *See Johnson*, 488 F.2d at 717-19 (identifying the "skill requisite to perform the legal service properly" and the "amount involved and the results obtained" as factors a court may consider when evaluating a request for attorney's fees).

BOE nevertheless argues that Chapman's billing rate should be reduced by half – an amount which, under the Local Rules of this Court, would place Chapman in the billing rate ranges for paralegals or newly admitted attorneys. BOE argues that Chapman's billing rate should be lower because he (1) did not produce evidence beyond his affidavit of the prevailing market rate for lawyers in this area, and (2) did not send BOE quarterly statements of his hours in violation of the Local Rules.[2] *See* Def.'s Opp'n 4, 6. With respect to BOE's first argument, the Court again stresses that a billing rate for Chapman ranging anywhere between $300.00 per hour

---

[2] BOE also suggests that Chapman's hourly rate should be lowered because of court-ordered suspensions or sanctions in other unrelated cases. The Court does not find such events relevant to determining a reasonable billing rate in the present case.

and $475.00 per hour is *presumptively* reasonable in this jurisdiction. *Duprey*, 30 F. Supp. 3d at 412. Chapman produced evidence (in the form of his own affidavit) that he has been barred for more than twenty years. In light of the Court's own experience presiding over numerous employment discrimination cases, including the case at bar, the Court does not need additional testimony or evidence to find that a billing rate of $300.00 per hour is reasonable for the services Chapman performed. *See Beyond Sys., Inc. v. World Ave. USA, LLC*, No. CIV.A. PJM-08-921, 2011 WL 3419565, at *4 (D. Md. Aug. 1, 2011) (noting that a court "is itself an expert on the question of reasonableness and . . . may form an independent judgment either with or without the aid of witnesses as to value") (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

As to BOE's contention that Chapman did not follow the Local Rules in submitting quarterly statements, the Court recognizes that such failure is a significant oversight on Chapman's part. The Court does not believe, however, that failing to submit quarterly statements to opposing counsel warrants reducing his proposed billing rate to an amount below $300.00 per hour, which is already at the low-end of the presumptively reasonable range set forth in the Local Rules.

Finally, this holding is consistent with the Court's determination of a reasonable billing rate for Chapman in the context of his Motion for (an Interim) Award of Attorney's Fees. ECF No. 203. At the conclusion of oral argument on that Motion, the Court reasoned that he was entitled to an hourly rate of $300.00 per hour based on his experience, the litigation's unique challenges, the extent of his success litigating the case, and the guidelines found in the Local Rules.

The Court concludes that Chapman's requested billing rate of $300.00 per hour for this phase of the proceeding is reasonable.

6

**B.**

Reasonable Hours

The Court turns to the issue of whether the number of hours allegedly expended by Chapman – totaling 269.25 – is reasonable. BOE makes several arguments asserting that this number of hours is excessive. It argues, for example, that there was nothing novel or uniquely difficult about prosecuting the instant bench trial. Def.'s Opp'n 9-10. Of more substance, it asserts that Chapman's billing statement is vague and insufficient and that the total number of hours claimed is unreasonable in light of the tasks described. *Id.* 7-9.

"A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). When reviewing these time records, "the court must ensure that the prevailing attorneys have exercised billing judgment" – that is, a "winnowing [down] of the hours actually expended [] to the hours reasonably expended." *Id.* at 789 (internal citations and quotations omitted). Entries that are "excessive, redundant, or otherwise unnecessary" should therefore be "excluded." *Id.* (internal citations and quotations omitted). Notably, if the documentation submitted by the moving party's attorney is "vague," "incomplete," or otherwise inadequate, the court may reduce the number of hours awarded. *Id.; see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). "In making such downward adjustments, courts frequently have reduced entire fee applications, or portions thereof, by a stated percentage to accommodate for excessive vagueness, or to address some other deficiency, such as redundant

time entries, failure to exercise billing judgment, or excessive number of hours sought." *Thompson*, 2002 WL 31777631, at *13.

As a preliminary matter, the Court rejects the notion that Chapman's billed hours are excessive because the back pay trial was not "uniquely difficult." It may be true that proving entitlement to back pay (and other equitable relief) in an employment discrimination case should not be complicated. Here, however, it appears that BOE – *not* Chapman – did everything in its power to make it so. BOE, for instance, argued that Everhart was not entitled to *any* back pay for failing to mitigate damages (despite the fact that Everhart had, in fact, obtained reemployment), and it called a purported "expert" to testify to this proposition. Defying reason and common experience, BOE also insisted that Everhart's prospects for reemployment were not compromised either by his age or the manner of his termination by BOE. As a result of BOE's litigation tactics, what may have been a straightforward hearing on back pay developed into a highly contested two and a half day bench trial.

The Court does agree with BOE, however, that Chapman's time sheets contain some dubious, vague, redundant, and confusing entries. For instance:

- In a set of entries, totaling 34.75 hours, Chapman indicates that he spent time "revising back pay calculation," "calculating back pay figures," and "analyzing new total compensation numbers" in preparation for the back pay trial. *See* Chapman Billing Sheet 3-4. The Court finds such references to time spent on trial preparation difficult to credit, given that Chapman did not, in fact, submit any proposed back pay calculation to the Court either before or during the bench trial. Rather, it was *the Court* that conducted the back pay calculation based on joint proposed salary figures provided by the parties.

- In several consecutive entries, totaling 20.5 hours of compensation, Chapman refers to time spent researching local government compensation packages and the U.S. Bureau of Labor Statistics. *Id.* 4-5. The Court does not credit Chapman's claim to have spent the equivalent of nearly three full 8-hour work days researching these topics, in light of the limited evidence actually put forth by him at the bench trial. Even if these entries accurately reflected the time Chapman actually spent on these tasks, the Court could not conclude such time was reasonably spent.

8

- Chapman frequently lumps several different types of tasks together in one billing entry. For December 1, 2015, for example, he billed 6 hours to "Preparation for back pay trial, legal research (MDSE decisions – terminating tenured teachers, Maryland Annotated Code – 1st Class teaching certificate to 2nd Class teaching certificate, grounds for terminating teachers, etc.), general research (MSDE certification requirements), communication with client, etc." On January 29, 2016, he billed 4.5 hours to "Preparation for back pay trial, reviewing def. discovery responses, communication with client, analyzing new total compensation numbers, preparing statement for opposing counsel outlining inconsistences in total compensation figures (2010, 2011, 2012, 2013, 2014 and 2015), finalizing proposed joint-proposed pretrial order, etc." The Court finds it virtually impossible to parse these entries so as to be able to determine the reasonableness of the time spent on any of the various tasks described.

- Chapman billed a total of 39.5 hours for time spent during the two and a half day bench trial. *Id.* 7. The Court cannot credit that he spent literally the equivalent of one full 40-hour work week in two-and-half days (when did he sleep?). Even if Chapman did spend this much time on the trial outside of the court proceedings, the Court finds the hours billed excessive and unreasonable.

Perhaps most notably, 186 hours – the total number of hours billed by Chapman for work related to preparing for the bench trial (as distinct from work apparently related to discovery or other tasks) – is excessive on its face. That amount of time is the equivalent of more than 23 full 8-hour work days. The Court views this figure as clearly unreasonable in light of the case that Chapman actually put on at the bench trial.

Given these issues with Chapman's billing entries, the Court will reduce the number of hours claimed by him by approximately one-third: from 269.25 hours to 179.50 hours. *Thompson*, 2002 WL 31777631, at *13 (reducing portions of the fee requests by stated percentages to adjust for the unreasonableness of some of the billing entries).

## C.

### Lodestar Calculation

Accordingly, Chapman's total award, in addition to the interim award of fees made earlier, will therefore be $53,850.00 in attorney's fees ($300.00 per hour multiplied by 179.50 hours). In the Court's view, this award is reasonable in light of various factors described herein.

## IV.

For the foregoing reasons, Everhart's Motion for Attorney's Fees (ECF No. 239) is **GRANTED IN PART**. The Court awards Chapman an additional $53,850.00 in attorney's fees for work performed on this case from the date of the Court's Interim Order of Attorney's Fees to the present date of this Memorandum Opinion.

This case is now **CLOSED**.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

June **17**, 2016

10