IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 23  P 4: 51

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| **JON EVERHART,** | \* |
| Plaintiff | \* |
| v. | \* Civil No. **PJM 11-1196** |
| **BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY**, *et al.*, | \* |
| Defendants | \* |

### MEMORANDUM OPINION

Jon Everhart ("Everhart") sued the Board of Education of Prince George's County ("BOE") for employment discrimination alleging, among other claims: (1) hostile work environment based on race and (2) retaliation. After two lengthy trials, one addressing whether Title VI of the Civil Rights Act of 1964, as amended, applied to Everhart's claims, and the second addressing whether BOE was liable under Title VI for creating a hostile work environment and for retaliation, Everhart ultimately prevailed on his retaliation claim in both trials, a jury in the second awarding him $350,000.00 in compensatory damages. Jury Verdict, ECF No. 158. BOE noted an appeal, Notice of Appeal, ECF No. 181, which was recently affirmed by the Fourth Circuit. Judgment of USCA, ECF No. 248. Following the jury trial, Everhart, through his attorney, Bryan Chapman, Esquire, petitioned the Court for an interim award of attorney's fees, and on August 14, 2015, the Court awarded him $600,000.00 in attorney's fees for work performed on the case from its inception through the date of the Order. Interim Order Att'y Fees, ECF No. 212.

Following the Court's Interim Order of Attorney's Fees, the parties continued to litigate over the question of whether Everhart should be awarded back pay, health and pension benefits, and other equitable relief as a result of his unlawful termination by BOE. The Court held a two-and-a-half day bench trial relative to these issues and ultimately awarded Everhart $198,170.00 in back pay, ordered that his pension and health benefits be reinstated, and directed BOE to expunge certain negative information from its records pertaining to Everhart. Final Order J., ECF No. 234. Everhart thereafter moved for attorney's fees in connection with work in preparation for and during the bench trial. On June 17, 2016 the Court awarded him an additional $53,850.00 in attorney's fees. Order of Additional Att'y Fees, ECF No. 243.

On July 1, 2016, BOE moved to reopen the case relative to the Court's Interim Order of Attorney's Fees awarding Chapman $600,000 in attorney's fees. Mot. To Reopen and Relief from Interim Order, ECF No. 244.

The Court agrees with Defendant that in connection with its Interim Order of Attorney's Fees, Chapman sought and received credit for time actually spent on another case, *Fordyce v. Prince George's County*, DKC 13-0741. Indeed, in that case, Judge Chasanow noted that Fordyce (represented by Chapman) did not "dispute the allegation of double-billing or respond to it in any way in her reply." *Fordyce v. Prince George's County*, 2015 WL 6447475 at *4 (D. Md. Oct. 22, 2015). The Court finds that BOE has made a proper showing to satisfy Federal Rule of Civil Procedure 60(b)(3) and that Everhart has given no reasonable justification for the double-billing.[1]

---

[1] Chapman's explanation that he did not respond to the defendant's allegations of double-billing in *Fordyce* because opposing counsel "was consistently rude, unprepared . . . and uncooperative," and that he "viewed the accusation as typical, ridiculous, and unworthy of a response," is hardly a worthy professional response.

For the foregoing reasons, BOE's Motion to Reopen Case and for Relief from the Interim Order of Attorney's Fees (ECF No. 244) is **GRANTED**, and the Court will reduce its Interim Order of Attorney's Fees, ECF No. 212, by $12,900.00. After the reduction, the Interim Order of Attorney's Fees now stands at $587,100.00, and the Order of Additional Attorney's Fees, ECF No. 239, stands at $53,850.00.

The hearing presently set for October 24, 2016 will be taken off.

However, in light of the Fourth Circuit's Judgment and Opinion affirming this Court's judgment in BOE's appeal, the Court orders Everhart to file within **30 DAYS** of this Memorandum Opinion and accompanying Order a Motion for Attorney's Fees for the appellate work performed. Chapman is cautioned to be particularly scrupulous in describing the work he performed and the amount of time he claims for such work. BOE may respond and Chapman may reply in the ordinary course.

A separate Order will **ISSUE**.

September 23, 2016

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE