FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 DEC -5 P 3: 46

CLERK'S OFFICE
AT GREENBELT
BY______DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JON EVERHART,** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 11-1196** |
| **BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY**, *et al.*, | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Jon Everhart ("Everhart") sued the Board of Education of Prince George's County ("BOE") for employment discrimination alleging, among other claims: (1) hostile work environment based on race and (2) retaliation. After two lengthy trials, one addressing whether Title VI of the Civil Rights Act of 1964, as amended, applied to Everhart's claims, and the second addressing whether BOE was liable under Title VI for creating a hostile work environment and for retaliation, Everhart ultimately prevailed with respect to his retaliation claim in both trials, a jury in the second awarding him $350,000.00 in compensatory damages. Jury Verdict, ECF No. 158. BOE noted an appeal, Notice of Appeal, ECF No. 181, but this Court's Judgment was recently affirmed by the Fourth Circuit. Judgment of USCA, ECF No. 248. Following the jury trial, Everhart, through his attorney, Bryan Chapman, Esquire, petitioned the Court for an interim award of attorney's fees, and on August 14, 2015, the Court awarded him $600,000.00 in attorney's fees for work performed on the case from its inception through the date of the Order, August 14, 2015. Interim Order Att'y Fees, ECF No. 212.

Following the Interim Order of Attorney's Fees, the parties continued to litigate the question of whether Everhart should be awarded back pay, health and pension benefits, and other equitable relief as a result of his unlawful termination by BOE. The Court held a two-and-a-half day bench trial relative to these issues and ultimately awarded Everhart $198,170.00 in back pay, ordered his pension and health benefits to be reinstated, and directed BOE to expunge certain negative information from its records pertaining to Everhart. Final Order J., ECF No. 234. Everhart thereafter moved for attorney's fees in connection with work in preparation for and during the bench trial. On June 17, 2016 the Court awarded him an additional $53,850.00 in attorney's fees. Order of Additional Att'y Fees, ECF No. 243.

On July 1, 2016, BOE moved to reopen the case relative to the Court's Interim Order of Attorney's Fees awarding Chapman $600,000 in attorney's fees. Mot. To Reopen and Relief from Interim Order, ECF No. 244. In a Memorandum Order and Opinion, the Court found that Chapman sought compensation for time as to which he had in fact received credit for in another case, *Fordyce v. Prince George's County*, DKC 13-0741. ECF Nos. 249, 250. The Court accordingly reopened the case and reduced its Interim Order of Attorney's Fees, ECF No. 212, by $12,900.00. *Id.* After the reduction, the Interim Order of Attorney's Fees stands at $587,100.00, and the Order of Additional Attorney's Fees, ECF No. 239, stands at $53,850.00.

In its Memorandum Order and Opinion, the Court noted that since the Fourth Circuit had affirmed its judgment on appeal, Everhart should file a Motion for Attorney's Fees for the appellate work performed. The Court specifically stated, "[Attorney] Chapman is cautioned to be particularly scrupulous in describing the work he performed and the amount of time he claims for such work."

On October 25, 2016, Everhart moved for attorney's fees and costs incurred from April 13, 2016 to October 25, 2016 in connection with work performed on the BOE appeal and for preparation of the instant Motion for Attorney's Fees. Pl.'s Mot. Att'y Fees, ECF No. 252. In his Motion, Everhart seeks additional fees of $63,875.00 ($59,325.00 for the appellate work,[1] $4,050.00 for preparing the instant motion,[2] and $500.00 for professional printing costs). *Id.* BOE responded on November 14, 2016 requesting that Everhart's Motion either should be denied in its entirety, or in the alternative, significantly reduced. *See* Def.'s Opp'n to Mot. Att'y Fees ("Def.'s Opp'n"), ECF No. 253. For the reasons that follow, Everhart's Motion for Attorney's Fees, ECF No. 252, is **GRANTED-IN-PART**. The Court will award attorney Chapman an additional $46,650.00 in attorney's fees and costs.

**I.**

Forty-two U.S.C. § 1988 permits a court, in its discretion, to grant an award of reasonable attorney's fees to the prevailing party in a Title VI action. This pertains to fees a plaintiff incurs in the event he is successful on appeal. *See Hutto v. Finney*, 437 U.S. 678, 699, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). *See also Wolfe v. Routzahn*, 953 F. Supp. 2d 627, 635 (D. Md. 2013) ("[D]istrict courts may factor into the fee award the time and energy a prevailing party expends in prosecuting a successful appeal or defending against a meritless one."). In exercising its discretion, a court must calculate the "lodestar" figure, which is the number of hours reasonably expended on the litigation, multiplied by an hourly rate that is also reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (holding that the lodestar amount is "the product of reasonable hours times a reasonable rate").

[1] This represents 197.75 hours at a rate of $300.00 per hour.
[2] This represents 13.5 hours at a rate of $300.00 per hour.

In deciding what constitutes a "reasonable" number of hours expended and "reasonable" hourly rate, the court is guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron, et al.*, 489 U.S. 87 (1989), and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). They include the (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount involved and the results obtained; (9) experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) nature and length of professional relationship with the client; and (12) awards in similar cases. The "court enjoys wide discretion" in making its lodestar determination. *See Thompson v. U.S. Dep't of Hous. & Urban Dev.,* No. CIV.A. MGJ-95-309, 2002 WL 31777631, at *13 (D. Md. Nov. 21, 2002) (citing *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986)).

**II.**

The parties do not dispute that Everhart was the prevailing party with respect to BOE's appeal to the Fourth Circuit. Rather, they dispute how much, if anything, Chapman should be awarded for the time he claims to have expended while working on the appeal.[3] For the appellate work alone, Chapman has submitted an affidavit and billing statement in which he claims to have spent a total of 197.75 hours at a rate of $300.00 per hour, resulting in a request of $59,325.00 in

[3] BOE does not dispute Everhart's claim for $500.00 for professional printing costs. Further, BOE states, "the Court may wish to award what it deems reasonable of the 13.5 hours [i.e., $4,050.00] that Mr. Chapman has billed in connection with the [instant] Motion for Attorney's Fees." *See* Def.'s Opp'n to Mot. Att'y Fees, ECF No. 253. The Court believes the $500.00 cost and $4,050.00 fee to be reasonable. Accordingly, it will award Plaintiff these amounts and focus its analysis on the reasonableness of Chapman's claim for attorney's fees for work on the appeal.

attorney's fees. *See* Pl.'s Mot. Att'y Fees, Chapman Aff., ECF No. 252-2, and Exhibit Billing Statement, ECF No. 252-4. BOE, once again, surprisingly, argues that the Court should deny any recovery at all.[4] *See* Def.'s Opp'n. In the alternative, BOE asserts that the Court should reduce Chapman's award to $25,057.00. *Id.*

**A.**

Reasonable Rate

For the reasons detailed in the Court's June 17, 2016 Memorandum Opinion, ECF No. 242, granting-in-part Everhart's Motion for Attorney's Fees, the Court concludes that Chapman's requested billing rate of $300.00 per hour for this phase of the proceeding is reasonable.

**B.**

Reasonable Hours

The Court turns to the issue of whether the total number of hours allegedly expended by Chapman – 197.75 – is reasonable. BOE makes several arguments asserting that this number is excessive, suggesting that Chapman has failed to be "particularly scrupulous" in describing his work and time in his billing statement and that his billing statement is specious and wasteful.

---

[4] In virtually every stage of this litigation, BOE has vigorously opposed awarding fees to Everhart. After the jury verdict finding in favor of Everhart on the retaliation claim, BOE filed a Motion for Judgment Notwithstanding the Verdict. ECF No. 169. The Court summarily denied the Motion. ECF No. 179. In response to Everhart's interim Motion for Attorney's Fees, in which Chapman requested an award of approximately $980,000, ECF No. 203, BOE argued that his award should be reduced dramatically by at least two-thirds. ECF No. 204. The Court nevertheless found that $600,000.00 was a reasonable interim award of attorney's fees to Chapman. Interim Order Att'y Fees. With respect to Everhart's attempt to seek back pay and other relief, BOE maintained that Everhart was not entitled to *any* back pay, and sharply disputed whether other relief was appropriate. The Court rejected these contentions, and awarded Everhart back pay and ordered a reinstatement of his health and pension benefits in addition to other equitable relief. *See* Final Order J. BOE similarly argued the Court should deny any recovery at all in response to Everhart's motion for attorney's fees in connection with work in preparation for and during the bench trial. BOE's arguments in response to Everhart's instant Motion for Attorney's Fees yet again demonstrate a "scorched earth" strategy in the litigation of this case. In particular, the argument that Chapman should take nothing for his efforts seriously diminishes the credibility of much of the rest of BOE's Opposition.

Def.'s Opp'n 3-5. In particular, BOE submits that Chapman billed 81.25 hours in anticipation of the issues BOE might raise in its Appellant brief. *Id.* 4, 7. BOE also takes issue with the eight hours Chapman spent researching the "Cat's Paw,"[5] which BOE submits has no relevance in the context of the appeal. *Id.* 8. Further, BOE points out that, according to the billing statement, Chapman reviewed BOE's appellate brief for seventeen consecutive days and appears to have dedicated his efforts to answering the appeal to the near, if not total, exclusion of everything else for an additional fourteen days. *Id.* 4-5, 7-8. BOE also notes that Chapman ended each billing entry with the description "etc." *Id.* 4-5, 7-8. Finally, BOE emphasizes the "wild" discrepancy between the hours billed on the appeal by BOE's counsel and the hours billed by Chapman. *Id.* 4-5.

"A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). When reviewing these time records, "the court must ensure that the prevailing attorneys have exercised billing judgment" – that is, a "winnowing [down] of the hours actually expended [] to the hours reasonably expended." *Id.* at 789 (internal citations and quotations omitted). Entries that are "excessive, redundant, or otherwise unnecessary" should therefore be "excluded." *Id.* (internal citations and quotations omitted). Notably, if the documentation submitted by the moving party's attorney is "vague," "incomplete," or otherwise inadequate, the court may reduce the number of hours awarded. *Id.; see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the

[5] The Cat's Paw refers to the situation in which a biased employee, who lacks decision-making authority but has discriminatory animus, convinces a formal decision-maker to take an adverse action against a third-party for a seemingly non-discriminatory reason. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 415, 131 S. Ct. 1186, 1190, 179 L. Ed. 2d 144 (2011).

district court may reduce the award accordingly."). "In making such downward adjustments, courts frequently have reduced entire fee applications, or portions thereof, by a stated percentage to accommodate for excessive vagueness, or to address some other deficiency, such as redundant time entries, failure to exercise billing judgment, or excessive number of hours sought." *Thompson*, 2002 WL 31777631, at *13.

The Court agrees with BOE that Chapman's history of double-billing, the boilerplate nature of his billing entries, the large number of hours billed even before BOE had filed its brief, and the discrepancy in hours spent on the appeal as between Chapman and BOE's counsel seriously undercut his claim. Indeed, Chapman's billing statement contains some dubious, vague, redundant, and confusing entries, which provide very little description of the work performed, in addition to which, many of the descriptions are repeated verbatim numerous times. As he has done before, Chapman frequently lumps several different types of tasks together in one billing entry. The Court finds it virtually impossible to parse these entries so as to be able to determine the reasonableness of the time spent on any of the various tasks described.

Chapman claims that he spent 81.25 hours over two weeks working on the appeal *before* BOE even filed its Appellant brief. Although performing some work in preparation of an opposing brief is not unreasonable, Chapman's explanations do nothing to reduce the skepticism that his claim engenders.

Chapman is entitled to some compensation for his efforts on appeal and in preparing his Motion. But, given the issues with Chapman's billing entries, the Court has decided to reduce the number of hours claimed by him by approximately three-tenths: from 197.75 hours to 140 hours. *Thompson*, 2002 WL 31777631, at *13 (reducing portions of the fee requests by stated percentages to adjust for the unreasonableness of some of the billing entries).

**C.**

Lodestar Calculation

The Court thus awards Everhart a total of $46,550.00 in fees and costs incurred from April 13, 2016 to October 25, 2016 for the BOE appeal to the Fourth Circuit and the preparation of the instant Motion for Attorney's Fees. This represents $42,000.00 for the appellate work (140 hours at a rate of $300.00 per hour), $4,050.00 for preparing the instant motion, and $500.00 for professional printing costs. In the Court's view, this award is reasonable in light of various factors described herein. This figure is commensurate with the lodestar analysis under *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974).

**III.**

In sum, Everhart's Motion for Attorney's Fees (ECF No. 252) is **GRANTED-IN-PART**. The Court awards Plaintiff and his counsel **$46,550.00** in attorney's fees and costs for all work performed related to the Fourth Circuit appeal and the preparation of the instant Motion.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**December 2, 2016**